Filed 4/7/26  P. v. Liggins CA2/4
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KISASI DAVID LIGGINS,<br><br>    Defendant and Appellant. | B344450<br><br>(Los Angeles County<br> Super. Ct. No. SA068628) |

APPEAL from an order of the Superior Court of Los Angeles County, William Sadler, Judge.  Affirmed.

Jennifer Peabody and Richard B. Lennon, under appointment by the Court of Appeal, and Kisasi David Liggins, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A recently enacted statute requires that a criminal defendant's restitution fine becomes "unenforceable and uncollectible" 10 years after imposition and any portion of the judgment imposing this fine "shall be vacated." (§ 1465.9, subd. (d).)[1] In 2010, the trial court imposed a $10,000 restitution fine following Kisasi David Liggins' conviction. In 2025, Liggins filed a motion requesting that the court vacate this fine based on the new statute as well as a full resentencing hearing. The court granted his request insofar as it ordered the fine vacated, but it did not hold a resentencing hearing. His appellate counsel filed a brief raising no issues and requested we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Liggins filed a supplemental brief, arguing he is entitled to resentencing relief. We affirm the order.

## BACKGROUND

In 2010, a jury convicted Liggins of kidnapping and kidnapping for extortion. (*People v. Hanafi* (Jan. 25, 2013, B235210) [nonpub. opn.].) The trial court sentenced him to state prison for an indeterminate life term. Directly relevant to this appeal, the court imposed a $10,000 restitution fine pursuant to section 1202.4.

The Legislature recently amended the state law affecting the section 1202.4 restitution fine. Now, a section 1202.4 fine is "unenforceable and uncollectible" after 10 years and any portion of a judgment imposing that fine "shall be vacated" at that time. (§ 1465.9, subd. (d).) Section 1465.9, subdivision (d) provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance,

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." The amended law was effective January 1, 2025, as non-urgency legislation that the Governor signed into law on September 28, 2024. (See Assembly Bill No. 1186 (2023-2024 Reg. Sess.); Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a); *People v. Camba* (1996) 50 Cal.App.4th 857, 865.)

In 2025, Liggins filed a motion asking the trial court to vacate his restitution fine pursuant to this new statute. He also sought a full resentencing hearing based on the vacation of his fine. The trial court granted Liggin's request insofar as it ordered the restitution fine vacated. However, the court did not hold a full resentencing hearing.

Liggins timely appealed. His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *Delgadillo, supra*, 14 Cal.5th at pages 231–232. Liggins filed a supplemental brief.

## DISCUSSION

It has been more than 10 years since the trial court ordered Liggins to pay a $10,000 restitution fine. It is undisputed that any uncollected balance of that fine is "unenforceable and uncollectible" and that portion of the judgment "shall be vacated." (§ 1465.9, subd. (d).) On appeal, Liggins contends he was entitled to a full resentencing hearing after the trial court vacated his restitution fine. Our colleagues in the Fourth District recently held "that section 1465.9[, subdivision] (d) does not trigger the full resentencing rule in declaring the restitution fine portion of the judgment vacated." (*In re Mattison* (2025) 115 Cal.App.5th 1062, 1068.) We are

3

persuaded by their reasoning and agree.  Therefore, we conclude Liggins is not entitled to resentencing relief.

## DISPOSITION

We affirm the order.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


MORI, J.

4